**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>1301 K Street NW<br>Washington, DC 20071<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>8601 Adelphi Rd.<br>College Park, MD 20740-6001<br><br>Defendant. | Case No. 26-cv-3791 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff WP Company LLC d/b/a *The Washington Post* (the "*Post*") brings this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief, against the National Archives and Records Administration ("NARA"). In support thereof, the *Post* states as follows:

## INTRODUCTION

1. Through FOIA and the Presidential Records Act ("PRA"), the *Post* seeks from NARA photographs and videos from three historically significant episodes in presidential history.

2. **First**, the *Post* seeks all White House photographs taken on November 8-9, 2016, when President Barack Obama joined the rest of the country in awaiting the results of the 2016 presidential election (the "Nov. 8-9, 2016 (Obama) Request").

3. **Second**, the *Post* seeks all White House photographs and videos created on October 1-5, 2020, when President Donald J. Trump tested positive for COVID-19 and created a

period of extraordinary public interest in and concern over the President's health (the "Oct. 1-5, 2020 (Trump) Request").

4. **Third**, the *Post* seeks all White House photographs and videos created on January 6, 2021, when rioters breached the United States Capitol, imperiled lawmakers, and disrupted the constitutional process for certifying the presidential election (the "Jan. 6, 2021 (Trump) Request").

5. Together, these records would illuminate how the President, White House staff, and other government officials responded to pivotal moments of peak public interest. These photographs and videos will, uniquely and powerfully, show the public "what their government [was] up to." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

6. NARA's own mission statement confirms the importance of timely access to these records: NARA "enables people to inspect for themselves the record of what government has done. It enables officials and agencies to review their actions and helps citizens hold them accountable."[1]

7. The *Post* submitted a separate FOIA/PRA request for each category of records to the Barack Obama Presidential Library (the "Obama Library") or the Donald J. Trump Presidential Library (the "Trump Library"), which are overseen by NARA's Office of Presidential Libraries.

8. NARA has produced some photographs responsive to the Nov. 8-9, 2016 (Obama) Request, but it has denied access to others. The *Post* appealed that denial, and NARA constructively denied the appeal by failing to provide a determination by the statutory deadline.

9. NARA has failed to timely provide a determination or produce a single record responsive to either the Oct. 1-5, 2020 (Trump) Request or the Jan. 6, 2021 (Trump) Request.

[1] *See, e.g.*, *Cartographic & Architectural Records*, NARA, https://www.archives.gov/research/cartographic/general-info-leaflet-26.

10. NARA's failure to make all the requested records available violates FOIA, and the Court should order NARA to produce the remaining records without further delay.

## PARTIES

11. Plaintiff, the *Post*, is a news organization based in Washington, D.C. It publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which is among the most widely viewed news sites in the U.S., reaching tens of millions of unique visitors per month, according to independent auditor comScore Inc. The *Post* also offers an array of mobile, tablet, and digital publishing products, and licenses its proprietary digital experience platform, Arc XP. But outstanding journalism remains the core of the *Post*'s work – and it has been recognized with more than 70 Pulitzer Prizes since 1917.

12. Defendant, NARA, is an agency within the meaning of 5 U.S.C. § 552(f)(1). NARA has possession and control of records requested by the *Post*.

## JURISDICTION AND VENUE

13. This action arises under FOIA and the PRA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### The *Post*'s Prior Experience Obtaining Presidential Photographs From NARA

15. In January 2022, the *Post* requested from NARA all White House photographs taken during the three days surrounding the killing of Osama bin Laden. NARA conferred with the *Post* throughout 2022 and, by January 31, 2023—roughly one year after the request was submitted—had processed the request and begun producing photographs to the *Post*.

16. The *Post* obtained additional high-resolution copies of selected photographs through April 2023 and promptly reported on the raid with the photographs it obtained, providing the public with powerful and informative images of key decisionmakers – including President Obama and Vice President Biden – from inside the Situation Room and the Oval Office.[2]

17. NARA's processing of the bin Laden-related request demonstrates that NARA can process and release presidential photographs in a reasonable timeframe when it prioritizes timely production.

**The Nov. 8-9, 2016 (Obama) Request**

18. On July 29, 2025, the *Post* submitted a FOIA/PRA request to NARA, through the Obama Library, seeking "[a]ll photographs taken on November 8-9, 2016 by any White House photographer." The request was assigned Case No. 25-65956-F.

19. On July 30, 2025, NARA acknowledged receipt of the Nov. 8-9, 2016 (Obama) Request and asked the *Post*'s FOIA Director, Nate Jones, how the *Post* would like to proceed on the scope of the request. Jones asked whether NARA would follow the same process it employed for providing access to the bin Laden-related photographs, and NARA confirmed that the same process would be used.

20. On September 15, 2026, NARA produced certain photographs responsive to the Nov. 8-9, 2016 (Obama) Request but denied the *Post* access to hundreds of other photographs. NARA withheld 159 images pursuant to PRA Exemption P1 (equivalent to FOIA Exemption 1), 198 images pursuant to PRA Exemption P5 (equivalent to FOIA Exemption 5), and 332 images

---

[2] *See* Nate Jones, *Newly released White House photos capture the day bin Laden was killed*, Wash. Post (Apr. 28, 2023), https://www.washingtonpost.com/investigations/2023/04/28/obama-foia-bin-laden-raid/.

as misfiled "personal records" ("PRM"). A true and correct copy of this partial denial is attached hereto as **Exhibit A**.

21. On September 28, 2026, the *Post* timely appealed the partial denial of the Nov. 8-9, 2016 (Obama) Request. A true and correct copy of the Post's appeal (without attachments) is attached hereto as **Exhibit B**.

22. As of this filing, NARA has not responded to the *Post*'s appeal of the partial denial of the Nov. 8-9, 2016 (Obama) Request.

**The Jan. 6, 2021 (Trump) Request**

23. On January 20, 2026, the *Post* submitted a FOIA/PRA request to NARA, through the Trump Library, seeking "[a]ll photographs and videos created on January 6, 2021." The request was assigned Case No. 26-19843-F.

24. On February 9, 2026, the Supervisory Archivist of the Trump Library sent an initial response letter stating that NARA had identified approximately 5,441 images and videos of potentially responsive records and that the Jan. 6, 2021 (Trump) Request was placed in the Library's "Complex queue" by date received. A true and correct copy of this letter is attached hereto as **Exhibit C**.

25. To date, NARA has not produced any records responsive to the Jan. 6, 2021 (Trump) Request.

26. To date, NARA has not provided a timetable for the production of any records in response to the Jan. 6, 2021 (Trump) Request.

**The Oct. 1-5, 2020 (Trump) Request**

27. On January 20, 2026, the *Post* submitted another FOIA/PRA request to NARA, through the Trump Library, seeking "[a]ll photographs and videos created on October 1, 2020,

October 2, 2020, October 3, 2020, October 4, 2020, and October 5, 2020." The request was assigned Case No. 26-19846-F.

28. On February 13, 2026, the Supervisory Archivist of the Trump Library again sent an initial response letter stating that NARA had identified at least 6,000 images and/or 30 videos of potentially responsive records and that the Oct. 1-5, 2020 (Trump) Request was placed in the Library's "Complex queue" by date received. A true and correct copy of this letter is attached hereto as **Exhibit D**.

29. To date, NARA has not produced any records responsive to the Oct. 1-5, 2020 (Trump) Request.

30. To date, NARA has not provided a timetable for the production of any records in response to the Oct. 1-5, 2020 (Trump) Request.

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Constructive Denial of Administrative Appeal in Violation of FOIA, 5 U.S.C. § 552

31. The Post realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

32. FOIA provides this Court with "jurisdiction to enjoin [NARA] from withholding agency records and to order the production of any agency records improperly withheld from [the Post]." 5 U.S.C. § 552(a)(4)(B).

33. The withheld photographs the Post seeks, which are the subject of the Post's request to NARA, are agency records within NARA's control.

34. NARA denied the Post's FOIA request in part by withholding access to certain photographs responsive to the Nov. 8-9, 2016 (Obama) Request.

35. The Post submitted an administrative appeal of NARA's partial denial of the Nov. 8-9, 2016 (Obama) Request on September 28, 2026.

36. Pursuant to FOIA, NARA was required to make and communicate to the Post a "determination" on its appeal no later than October 27, 2026. 5 U.S.C. § 552(a)(6)(A)(ii).

37. To date, NARA has neither made nor communicated to the Post a "determination" on its appeal within the meaning of 5 U.S.C. § 552(a)(6)(A)(ii). NARA has instead failed to respond to the appeal and thus constructively denied it.

38. There is no basis under FOIA to withhold, in whole or in part, the photographs that the Post requested. NARA has wrongfully withheld agency records in violation of FOIA.

39. The Post requests a declaratory judgment that NARA has violated FOIA and that the Post is entitled to immediately receive the requested photographs.

40. The Post further requests that, pursuant to FOIA, the Court issue an injunction directing NARA to produce the requested photographs in full and setting a deadline for compliance.

**COUNT II**
**Declaratory and Injunctive Relief:**
**Constructive Denial in Violation of FOIA, 5 U.S.C. § 552**

41. The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

42. FOIA provides this Court with "jurisdiction to enjoin [NARA] from withholding agency records and to order the production of any agency records improperly withheld from [the *Post*]." 5 U.S.C. § 552(a)(4)(B).

43. The withheld records the *Post* seeks, which are the subject of the *Post*'s request to NARA, are agency records within NARA's control.

44. NARA received the *Post*'s Jan. 6, 2021 (Trump) Request on January 20, 2026.

45. Pursuant to FOIA, NARA was required to make and communicate to the *Post* a "determination" on the Jan. 6, 2021 (Trump) Request no later than February 18, 2026. 5 U.S.C. § 552(a)(6)(A)(i).

46. To date, NARA has not made and communicated to the *Post* a "determination" on any of the Requests within the meaning of 5 U.S.C. § 552(a)(6)(A)(i). NARA has instead failed to substantively respond to the Requests and thus constructively denied them.

47. There is no basis under FOIA to withhold, in whole or in part, the records that the *Post* requested. NARA has wrongfully withheld agency records in violation of FOIA.

48. The *Post* requests a declaratory judgment that NARA violated FOIA and that the *Post* is entitled to immediately receive the requested records.

**COUNT III**
**Declaratory and Injunctive Relief:**
**Constructive Denial in Violation of FOIA, 5 U.S.C. § 552**

49. The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

50. FOIA provides this Court with "jurisdiction to enjoin [NARA] from withholding agency records and to order the production of any agency records improperly withheld from [the *Post*]." 5 U.S.C. § 552(a)(4)(B).

51. The withheld records the *Post* seeks, which are the subject of the *Post*'s request to NARA, are agency records within NARA's control.

52. NARA received the *Post*'s Oct. 1-5, 2020 (Trump) Request on January 20, 2026.

53. Pursuant to FOIA, NARA was required to make and communicate to the *Post* a "determination" on the Oct. 1-5, 2020 (Trump) Request no later than February 18, 2026. 5 U.S.C. § 552(a)(6)(A)(i).

54. To date, NARA has not made and communicated to the *Post* a "determination" on any of the Requests within the meaning of 5 U.S.C. § 552(a)(6)(A)(i). NARA has instead failed to substantively respond to the Requests and thus constructively denied them.

55. There is no basis under FOIA to withhold, in whole or in part, the records that the *Post* requested. NARA has wrongfully withheld agency records in violation of FOIA.

56. The *Post* requests a declaratory judgment that NARA violated FOIA and that the *Post* is entitled to immediately receive the requested records.

**REQUEST FOR RELIEF**

WHEREFORE, the *Post* respectfully requests that this Court:

A. Declare NARA's failure to provide responsive records unlawful under FOIA;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing NARA to make the requested records available to the *Post*, unredacted, and without further delay, and setting a deadline for compliance;

C. Provide for expeditious proceedings in this action;

D. Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: October 28, 2026

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Chloe A. Nakaya *(pro hac vice forthcoming)*
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Tel: (503) 778-2100 | Fax: (503) 778-2200
nakayac@ballardspahr.com

*Counsel for Plaintiff WP Company LLC d/b/a The Washington Post*